IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: EUGENE CHARLES CONRAD JR. | : | CHAPTER 13 |
| aka EUGENE C. CONRAD | : | |
| aka CHIP CONRAD | : | |
| CRYSTAL M. CONRAD | : | |
| fka CRYSTAL M. RILEY | : | |
|     Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
|     Objectant | : | |
| | : | |
|     vs. | : | CASE NO. 1:20-bk-03513-HWV |
| | : | |
| GARY J. IMBLUM, ESQUIRE | : | |
|     Applicant | : | |

**TRUSTEE'S OBJECTION TO SIXTH
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 18th day of June 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Sixth Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on May 29, 2025, and states as follows:

**Facts**

1. Objectant, Jack N. Zaharopoulos, is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On December 10, 2020, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code. (ECF No. 1).

3. On May 29, 2025, Applicant filed is Sixth Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 127).

1

4. The monthly net income on the most recent Schedules I and J is $3,398.42. (ECF No. 114).

5. The monthly plan payment in the current Tenth Amended Chapter 13 Plan filed on December 12, 2024, is $3,167.97. (ECF No. 123-2).

6. No payments have been made that are consistent with the current monthly net income. *See* Debtors' Status Report attached to the current Fee Application at ECF No. 127-3.

7. There are approximately seven months remaining in the repayment period of the present Chapter 13 case as evidenced by the case report attached hereto and marked "Exhibit A".

8. The current balance of the base amount that remains to be paid in the current Tenth Amended Chapter 13 Plan is approximately $29,865.36. (Exhibit A).

9. Debtors are currently delinquent by approximately $7,689.57. (Exhibit A).

10. Applicant's Sixth Fee Application requests $3,083.64 in compensation to be paid through the Chapter 13 Plan. (ECF No. 127).

11. The Fees and Compensation in the present case total approximately $26,168.49, which includes the receipt of a retainer in the amount of $1,532.00. (ECF No. 55, 71, 88, 105, 119, 127).

12. The District has determined that in cases filed prior to October 1, 2024, the presumptively reasonable fee ("PRF") for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case is $4,500.00. L.R. 2016-2 (c)

## Applicable Law

13. The PRF should be used "as a guide or 'starting point' to what should be considered a 'reasonable fee in a routine Chapter 13 case in this District.'" *In re Thomas,* No. 5:18-03265-MJC (Bankr. M.D. Pa. Oct. 18, 2023); *In re Badyrka*, No. 5:20-20-03618-MJC, 2022 WL 4656034 at *6 (Bankr. M.D. Pa. Sept. 30, 2022) (citation omitted).

14. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

15. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows **reasonable** fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

16. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

17. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

18. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b).

19. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

20. "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

21. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845; *see also In re Strauss*, No. 21-00995-MJC (Bankr. M.D. Pa. Mar. 31, 2023).

4

22. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

23. Judge France previously stated "[a] bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. In making a fee determination, the court must take into consideration whether the professional exercised "reasonable billing judgment." *In re Fontaine*, 2015 WL 5162557, at *3 (Bankr. M.D Pa. 2015).

24. Under § 1325(a)(6), a debtor must be able to make all payments under the plan and comply with the plan. Moreover, LR 2016-2(a) states that "After the petition is filed, an attorney may not receive payment of fees except through the chapter 13 plan, unless payment is otherwise approved by the Court."

25. Finally, with regard to defending fee applications, the Supreme Court has been clear in stating: "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter." *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2169 (2015).

## Analysis and Facts Specific to the Present Fee Application

26. Trustee believes and therefore avers that pursuant § 1325(a)(6), a debtor must be able to make all payments under the plan and comply with the plan.

27. Trustee believes and therefore avers that Debtors clearly lack the proper financial capacity to effectuate the current Tenth Amended Chapter 13 Plan as evidenced by the Debtors' inability to make any payments consistent with the current plan payment.

28. Trustee further believes and therefore avers the current delinquency in the amount of approximately $7,689.57 demonstrates a lack of the Debtors' financial capacity to complete the present Chapter 13 case.

29. Accordingly, Trustee believes and therefore avers that Applicant's fees should be reduced or disallowed in part because the Debtors have not demonstrated the financial capacity necessary to complete their Chapter 13 case at this time.

30. Finally, Trustee believes and therefore avers that the Interim Fee Application is not reasonable for the following reasons:

   A. Trustee believes and therefore avers, the following services billed in Applicant's Interim Fee Application are not billable and should therefore be disallowed as follows:

   i. 10/16/24 (1785655): "Review of calendar reminder – Plan overdue; Review of file Re: Status; Memo to Paralegal Re: Contact clients to have them sign Plan; Follow up memo to file." GI $345/hour. 0.1 hours $34.50.

6

B. Trustee believes and therefore avers, the following services billed in Applicant's Interim Fee Application are excessive relative to the complexity of the task, and should therefore be reduced:

    i. 05/23/25 (1810357): "Review and revision of Application for Approval of Compensation and Expenses" GI $345/hour. 0.3 hours $103.50.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

        Respectfully submitted,

        Jack N. Zaharopoulos
        Standing Chapter 13 Trustee
        8125 Adams Drive, Suite A
        Hummelstown, PA 17036
        (717) 566-6097

BY:   /s/ Douglas R. Roeder
       Attorney for Trustee

7

Case 1:20-bk-03513-HWV   Doc 129   Filed 06/18/25   Entered 06/18/25 08:46:11   Desc
Main Document    Page 7 of 8

## CERTIFICATE OF SERVICE

      AND NOW, this 18th day of June 2025, I, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first-class, addressed to the following:

Gary J. Imblum, Esquire
4615 Derry Street
Harrisburg, PA 17111
gary.imblum@imblumlaw.com

      /s/Elizabeth R. Fitzgerald
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097